Bret Uhrich, WSBA #45595
Jessica Ramirez, WSBA #48186
Walker Heye, PLLC
1333 Columbia Park Trail, Ste 220
Richland, WA  99352
Telephone: (509) 735-4444
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC MOLINA,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF WEST RICHLAND, a municipal corporation; BEN MAJETICH, in his individual capacity, DUANE OLSEN, in his individual and official capacities, and DANIEL GRIMES, in his individual and official capacities; THOMAS GREGO, in his individual and official capacities.<br><br>                              Defendants. | Cause No.  _____<br><br>COMPLAINT FOR DAMAGES |

## PARTIES, JURISDICTION & VENUE

1.      Plaintiff Eric Molina resided in West Richland, Washington, at all times relevant hereto.  Eric Molina is now a citizen of the State of Oregon.

COMPLAINT FOR DAMAGES - 1

2.      The City of West Richland is a non-charter code city established under Article XI, Section 10 of the Washington State Constitution operating under Chapter 35A.12 of the Revised Code of Washington.

3.      Ben Majetich ("Majetich") is an individual residing in the Eastern District of Washington and at all times relevant hereto was the Chief of Police for the City of West Richland.  He is sued in his individual capacity.

4.      Duane Olsen ("Olsen") is an individual residing in the Eastern District of Washington and at all times relevant hereto was a sergeant for the City of West Richland police department.  He is sued in his official and individual capacities.

5.      Daniel Grimes ("Grimes") is an individual residing in the Eastern District of Washington and at all times relevant hereto was an officer for the City of West Richland police department.  He is sued in his official and individual capacities.

6.      Thomas Grego ("Grego") is an individual residing in the Eastern District of Washington and at all times relevant hereto was a Captain for the City of West Richland police department.  Grego is now the Chief of the West Richland Police Department. He is sued in his official and individual capacities.

7.      The Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this civil action arises under the Constitution, laws, or treaties of the United States and under 28 U.S.C. § 1367 in regard to state law claims which form part of the same case or controversy.

COMPLAINT FOR DAMAGES - 2

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

8.    Venue in this matter is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Washington.

## **FACTS**

9.    On September 19, 2020, Eric Molina was travelling by motor vehicle through the City of West Richland when three men on motorcycles blocked his vehicle in traffic.

10.    The motorcyclists were members of the Combat Veterans Motorcycle Association and believed that Molina was travelling too fast on the road.

11.    After blocking Molina's car with the motorcycles, one of the men, Steven Cooper, approached Molina's driver side window, hit the window, and demanded that Molina exit the car so that the man could fight him.

12.    Molina, fearful of Mr. Cooper and the other men's actions, called 911.

13.    On the 911 dispatch recording, Mr. Cooper can be heard threatening Molina "If I see you come by my house one more time…one more time!"

14.    During the course of the investigation, Molina made multiple posts on Facebook which were critical of the delay in bringing charges against Mr. Cooper.

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140











COMPLAINT FOR DAMAGES - 4

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

15.    Upon learning of the social media posts, Majetich told Molina he was not allowed to post on social media about the case and accused Molina of defaming Majetich and the City of West Richland Police Department.

16.    On January 29, 2021, Molina posted the following message to Facebook:



WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140



17. According to the Benton County Deputy Prosecuting Attorney, when contacted by law enforcement, Mr. Cooper allegedly "took responsibility for his actions and appeared to be genuinely remorseful."

18. Benton County Prosecuting Attorney Brittnie E. Roehm concluded that Cooper had committed the crime of disorderly conduct, but elected not to prosecute Mr. Cooper.

19. Ms. Roehm offered Molina the opportunity to meet with herself and Benton County Prosecutor Andy Miller to discuss the non-prosecution decision.

COMPLAINT FOR DAMAGES - 6

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

20.    On February 17, 2021, Molina met with Ms. Roehm and Mr. Miller, reiterating his displeasure with the non-prosecution decision and accusing law enforcement of racial bias.

21.    Frustrated with non-prosecution decision, Molina continued to exercise his First Amendment right to criticize law enforcement on social media, identifying the non-prosecution decision as racially motivated.



22.    After learning of the meeting, the Majetich sent an e-mail to the rest of the City of West Richland police department asserting that Molina hates cops and

COMPLAINT FOR DAMAGES - 7

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

has an "Antifa Mentality." Majetich attached copies of Molina's protected speech and asked the department to pay special attention to Molina.

**Ben Majetich**

| | |
|---|---|
| From: | Ben Majetich |
| Sent: | Tuesday, February 16, 2021 1:05 PM |
| To: | Police Staff |
| Subject: | Extra Patrol - ▮▮▮▮▮▮▮▮ (Chief's house) |

Eric A. Molina (08/29/92) was told today by the prosecutor that charges were not being filed on a WRPD case where he was an alleged victim of a threat (20-04381). I had met with him early on in reference to he not being happy on how the case was handled by the original officer. His com[plaint/concerns were unfounded. While waiting for the P.A. charging decision, he has been harassing the "suspect" in the case ▮▮▮▮▮▮▮▮ and has posted numerous negative material in reference to me. Today, he threw a fit at the P.A.'s office, screamed, yelled profanities and pounded the table when they were trying to explain their decision not to file. He almost had to be escorted out of the courthouse. While leaving he mentioned that he was going to buy a gun.

I am usually not concerned about things such as this but he unfortunately lives across the street from me with his parents at ▮▮▮▮▮▮▮▮ and knows where I live. He hates cops, you can read his facebook to see this, and is equivalent to the Antifa mentality. He has not attempted contact with me or my wife at the house yet but appears to be escalating in his poor behavior. If he does come to my home, I will have my wife call 911 and not answer the door. If I am at home, it will be handled in the same manner since I do not want a physical confrontation. Also, please drive through especially at night since he has posted where I live to his Antifa type friends. Molina drives the red Prius in his parents driveway.

23. On February 18, 2021, Molina travelling home after picking up lunch, stopped in front of Majetich's home to check his mailbox.

24. The area directly in front of the mailboxes was inundated with snow and ice. The closest location to park his vehicle was the driveway in front of Majetich's residence.

25. As it was a weekday, Molina had no reason to believe that Majetich was home.

26. Majetich exited his home and entered his vehicle.

COMPLAINT FOR DAMAGES - 8

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

27. As Majetich would later admit in sworn testimony, when he saw Molina in his vehicle, Molina was staring down at his phone and was not paying attention to Majetich.

28. Molina exited the vehicle and proceeded to walk towards the mailboxes, waiving at Majetich.

29. Majetich yelled at Molina "what the hell are you doing?" Molina replied that he was "getting my mail."

30. Majetich immediately seized Molina, telling him to stay where he was. Molina said he would go home and Majetich ordered him to stay put. When Molina asked if Majetich was detaining him, Majetich confirmed that Molina was not free to leave.

31. Molina began recording and broadcasting the law enforcement contact online.

32. Defendants Olsen, Grimes and Grego travelled to the scene. The interaction between Defendants and Molina was video recorded and streamed on Facebook Live.

33. Captain Grego, in an incredulous manner, asked Molina why he had not parked in the deep snowbank directly in front of the mailbox. The irony was not lost that all three of the law enforcement officers responding to the incident chose to park their vehicles in the middle of the street, instead of in the snow bank.

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

34.     While Molina was seized by Defendants, Majetich told Molina "you're going to have problems."

35.     Majetich told Molina "if I were a private citizen, then things would be different. But I'm an officer so I have laws protecting me." Realizing that this demonstrated improper motive, Majetich attempted to change his previous statement by claiming the laws protected Molina in this interaction, suggesting that if Majetich were a private citizen, then he would have engaged in a physical assault against Molina.

36.     In the course of the seizure, Majetich continued to express his dissatisfaction with Molina's complaints to the Benton County Prosecutor's Office.

37.     In his written report, Majetich complained that Molina had made disparaging remarks about Majetich online, calling Majetich a white supremacist and a racist.

38.     Captain Grego proceeded to lie to Molina, stating that he had contacted "the judge, and he said we've got the prongs right now for a disorderly conduct" and further threatened to take Molina to jail.

39.     No Benton County judge made any such statement.

40.     Captain Grego then consulted with Sergeant Grimes, Officer Olsen and Majetich in an attempt to find some criminal citation to give Molina.

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

41.    Captain Grego then proceeded to issue a criminal citation to Molina for Harassment under the West Richland municipal code, Benton County District Court Case Number 1A0095044.

42.    Thereafter, the City of West Richland appointed attorney Tyler Grandgeorge as a special prosecuting attorney.

43.    Molina appeared through counsel, entered a plea of not guilty and a demand for discovery.

44.    On March 17, 2021, Mr. Grandgeorge dismissed the criminal charge against Molina.

45.    On February 23, 2021, Majetich filed an antiharassment petition against Molina in Benton County District Court.

46.    As part of the petition, Majetich attempted to mislead the court by stating that Molina expressed an intention to purchase as gun. However, as set forth in the social media posts and as admitted by Ms. Roehm, Molina stated this intention in regard to protecting himself from Mr. Cooper, not in regard to Majetich.

47.    Majetich has continued to repeat this misrepresentation on social media following the dismissal of his anti-harassment petition.

48.    In the course of the anti-harassment proceedings, the court disclosed that upon Majetich's initial presentation of the anti-harassment petition to the court, the judge declined to issue a temporary protection order based on the petition.

COMPLAINT FOR DAMAGES - 11

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

Majetich then engaged in further ex parte contact with the judge to convince him to issue the temporary order.

49. On April 21, 2021, Majetich provided sworn testimony admitting that he had utilized Police Department resources to put together his anti-harassment petition, including using administrative staff to investigate and assemble exhibits for the petition.

50. In submitting the anti-harassment petition to the court, Majetich sought and received a restraint prohibiting Molina from coming within 150 feet of Majetich's residence.

51. In sworn testimony, Majetich acknowledged that Molina's residence was 158 feet the driveway to his own residence.

52. The distance between the Molina property and Majetich property is approximately 65.00 feet.

53. The temporary order prevented Molina from lawfully leaving his residence and prevented him from continuing to work as a delivery driver because it was not feasible to travel to and from the residence without violating the order.

54. The pending criminal charges, the antiharassment petition and the temporary order caused emotional injury to Molina, interfering with his sleep and making him afraid to drive without a witness.

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

55.    Even after the criminal charge was dismissed and the antiharassment petition was denied, Molina noticed no less than four incidents where West Richland Police Department vehicles appeared to be following him from various locations all the way to his residence.

56.    Based on the fears of continuing harassment and retaliation, and his home's proximity to Majetich, Molina moved to a friend's home in Gig Harbor and then to Oregon.

57.    Molina has had to undergo therapy for treatment of his psychological distress related to the tortious conduct of Defendants.

**Monell Liability**

58.    Under the City of West Richland Municipal Code (WRMC) Section 2.08.010, the appointive officers for the City include the position of Police Chief.

59.    Under WRMC 2.08.070, the duties of the Police Chief are as follows:

The chief of police, subject to the provisions of the laws of the state and the ordinances of the city of West Richland, performs the following:

A. Preserves peace and order in the city;
B. Protects persons and property;
C. Organizes efforts to prevent crime;
D. Enforces all federal, state and local laws and ordinances to the extent commissioned peace officers of the state are authorized by law;
E. Enforces all license ordinances except as may be otherwise provided;
F. Maintains proper records; and
G. Performs such other duties as may be required by the laws of the state, city ordinances or as the mayor or city council, within their legislative authorities, may direct.

COMPLAINT FOR DAMAGES - 13

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

60.    The WRMC does not contain any other restraints on the Police Chief's decision making or policy making authority, making the Police Chief the final decisionmaker for City of West Richland law enforcement policy.

61.    On May 12, 2020, Majetich promulgated the West Richland Police Department Policy Manual (Policy Manual).

62.    Under Section 104.4 of the Policy Manual:

> The Chief of Police shall be considered the ultimate authority for the content and adoption of the provisions of this manual and shall ensure compliance with all applicable federal, state and local laws.

Section 104.4 and Section 201.1 further gives the Chief of Police unilateral authority to modify the Policy Manual which immediately supersedes the Policy Manual provisions.

63.    Under Section 200.2 of the Policy Manual:

> The Chief of Police is responsible for administering and managing the West Richland Police Department. There are three sections in the Police Department as follows:
> • Administration Division
> • Patrol Division
> • Special Operations Division

64.    As set forth in the Policy Manual, the organizational structure of the police department is as follows:

COMPLAINT FOR DAMAGES - 14

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140



65.    On April 21, 2021, Majetich provided sworn testimony that he had final authority regarding the investigation of Molina related to the alleged incident of criminal harassment.

## CAUSES OF ACTION

**Ku Klux Klan Enforcement Act of 1871 - 17. Stat. 13 Ch. 22 § 1 –
Unreasonable Seizure**

66.    Any person under the color of law, statute, ordinance, regulation, custom or usage of any State, shall be subject, or cause to be subjected any person within the jurisdiction of the United States to the deprivation of any rights,

COMPLAINT FOR DAMAGES - 15

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

privileges, or immunities secured by the Constitution of the United States shall, any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, be liable to the party injured in, any action at law, suit in equity, or other proper proceeding for redress.

67.    Under the color of law, Ben Majetich, Duane Olsen, Daniel Grimes and Thomas Grego deprived Molina of his rights, privileges, or immunities under the Fourth Amendment to be free of seizures without reasonable suspicion of criminal conduct.

**Ku Klux Klan Enforcement Act of 1871 - 17. Stat. 13 Ch. 22 § 1 – Fourth Amendment Malicious Prosecution**

68.    Any person under the color of law, statute, ordinance, regulation, custom or usage of any State, shall be subject, or cause to be subjected any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States shall, any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, be liable to the party injured in, any action at law, suit in equity, or other proper proceeding for redress.

69.    Under the color of law, Ben Majetich, Duane Olsen, Daniel Grimes and Thomas Grego instituted proceedings against Molina without probable cause, with malicious intent and the proceeding was terminated in a favorable manner towards Molina.

COMPLAINT FOR DAMAGES - 16

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

**Ku Klux Klan Enforcement Act of 1871 - 17. Stat. 13 Ch. 22 § 1 – First Amendment Retaliation**

70.    Any person under the color of law, statute, ordinance, regulation, custom or usage of any State, shall be subject, or cause to be subjected any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States shall, any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, be liable to the party injured in, any action at law, suit in equity, or other proper proceeding for redress.

71.    Under the color of law, Ben Majetich, Duane Olsen, Daniel Grimes and Thomas Grego retaliated against Molina's protected speech under the First Amendment by unlawful seizing Molina, subjecting him to malicious prosecution and thereafter subjecting him to intimidation and harassment.

**42 U.S.C. § 1985 – Conspiracy to Interfere With Civil Rights**

72.    If two or more persons in any State conspire for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

73.    Ben Majetich, Duane Olsen, Daniel Grimes and Thomas Grego conspired to deprive Molina of his right to equal protection under the law.

**Monell Liability**

74.    The City of West Richland violated Molina's constitutional rights pursuant to an official or unofficial policy under the direction of the final decisionmaker as to the investigation and citation of Molina and as to City of West Richland law enforcement activities, including engaging in retaliation and harassment of Molina based on his protected First Amendment activities.

**Malicious Prosecution – Majetich**

75.    Majetich maliciously prosecuted an anti-harassment petition against Molina without probable cause for an improper purpose, the malicious prosecution interfered with Molina's property interests, and the proceeding was dismissed in favor of Molina on the merits.

**Prospective Injunctive Relief –Official Capacities**

76.    Under the color of law, Defendants deprived Molina of his rights, privileges, or immunities under the First Amendment and the Fourth Amendment by retaliating against him for his protected speech and interference with his Fourth Amendment rights to be free of malicious prosecution and unlawful seizure.

COMPLAINT FOR DAMAGES - 18

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

77.     Molina is entitled to prospective injunctive relief against Defendants and in their official capacities under *Ex Parte Young*, 209 U.S. 123 (1908) to enjoin their retaliatory activities against Molina.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

1.     An injunction prohibiting Defendants from retaliating against Molina for his protected speech;

2.     Compensatory, punitive and/or nominal damages to be proven at trial;

3.     For an award of attorney fees and costs allowed by law or agreement including those provided under 42 U.S.C. § 1988;

4.     For all other relief the court deems just and equitable.

DATED this 25th day of January, 2023.

/s/ Bret Uhrich
Bret Uhrich, WSBA #45595
Jessica Ramirez, WSBA #48186
Attorneys for Plaintiffs
Walker Heye, PLLC
1333 Columbia Park Trail, Ste 220
Richland, WA 99352
Telephone: (509) 735-4444
Fax: (509) 735-7140
E-mail: *buhrich@walkerheye.com*
          *jramirez@walkerheye.com*

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140